UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATURNINO PRADO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES DISTRICT COURT,<br><br>　　　　Respondent. | No. CV 11-3789-GHK(CW)<br><br>ORDER DISMISSING PETITION<br>AS SUCCESSIVE |

Petitioner is a prisoner in state custody pursuant to a 2000 conviction in California Superior Court, Los Angeles County, Case No. BA195408. The present pro se petition challenges the legality of that conviction.[1] Petitioner has brought several prior federal habeas petitions that challenged the same conviction. One of these petitions, Prado v. Specter, No. CV 05-4053-GHK(CW), was dismissed with prejudice, as untimely, in a judgment entered November 15, 2006.

---

[1] The present petition wrongly names this court as Respondent, and wrongly cites one of Petitioner's prior cases in this court as the case of conviction: No. CV 04-456-GHK(CW). The record in that case, and Petitioner's other cases in this court, properly identify the court and case of conviction.

1

Another petition was dismissed, without prejudice, as unexhausted. See Prado v. McGrath, No. CV 04-456-GHK(CW)(dismissed). Seven other petitions have been dismissed, without prejudice, as successive. See Prado v. Spector, No. CV 07-2532-GHK(CW); Prado v. Knowles, No. CV 07-3355-GHK(CW); Prado v. Warden, No. CV 08-6909-GHK(CW); Prado v. Warden, No. CV 08-7458-GHK(CW); Prado v. Altoon, No. CV 10-2931-JHN(CW); Prado v. Spector, No. CV 10-7492-JHN(CW); and Prado v. U.S. District Court, No. CV 10-9065-GHK(CW)(successive).

## **DISCUSSION**

A new habeas petition under 28 U.S.C. § 2254, which challenges the same state court judgment addressed in one or more prior § 2254 petitions, is a second or successive petition. A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition. See 28 U.S.C. § 2244(b)(3)(A). The court of appeals may only authorize review of a second or successive petition in the district court if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b). See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

The present petition is a second or successive petition under § 2244(b)(3)(A) because it challenges the same state court judgment challenged in a prior federal petition, and that prior petition was dismissed with prejudice. This court may not review a successive petition unless the petitioner has first obtained the required order from the United States Court of Appeals for the Ninth Circuit. There is no indication in the record that this petitioner has obtained such

an order.  Therefore, the present petition is subject to dismissal without prejudice.[2]

Petitioner may file a new petition in this court if and only if he first obtains authorization from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).[3]

**ORDERS:**

1. It is **ORDERED** that judgment be entered dismissing the petition as successive.

2. The clerk shall serve copies of this order and the judgment herein on the petitioner.

DATED:    5/12/11

_____
GEORGE H. KING
United States District Judge

Presented by:

Dated:  May 10, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[2] A new petition is not subject to dismissal as successive under § 2244(b)(3)(A) based on a prior petition dismissed without prejudice (e.g., for failure to exhaust state remedies).  In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1997).  The present petition is dismissed as successive to No. CV 05-4053 which was dismissed with prejudice.

[3] If Petitioner continues to file successive petitions, this court will continue to dismiss them summarily.

3